Filed 2/17/21  P. v. Waters CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>KEVIN CHRISTOPHER WATERS,<br><br>     Defendant and Appellant. | B306137<br><br>(Los Angeles County<br>Super. Ct. No. YA006449) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Reversed and remanded.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Kevin Christopher Waters petitioned the trial court seeking resentencing under Penal Code[1] section 1170.95, alleging that he was not the actual shooter, that his murder conviction was based on the felony murder rule or murder under the natural and probable consequence doctrine, and that because of changes in the definition of murder promulgated by Senate Bill No. 1437, he could not now be convicted of first or second degree murder. The trial court denied the petition, finding that Waters would have been so convicted because he was a major participant in the robbery who acted with reckless indifference to human life during that offense. The People concur that the trial court erred, and the case should be remanded for the trial court to issue an order to show cause and to conduct an evidentiary hearing on his petition. We agree.

**BACKGROUND**

The following facts are taken from Waters's and codefendant Charles J. Mooney's direct appeal. (*People v. Waters* (Dec. 20, 1994, B062837) [nonpub. opn.].)

This case involves a bungled armed robbery attempt at a movie theater that resulted in the shooting death of an usher. On the evening of January 12, 1991, Waters, Mooney, and an unidentified companion, went to a 10:00 p.m. film at the United Artist Theater in Torrance. Waters and Mooney were armed, carried walkie talkies, and had masks. Before the movie ended, the three men left the theater and walked towards the lobby.

Two theater employees were in the projection room preparing to close the theater. One employee opened the door to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

leave, Waters and Mooney were standing outside. One of the two men pointed a gun at the employee's head, asked for the manager, ordered the two employees to lie on the floor, taped their mouths, and bound their hands and feet. They returned a few minutes later, kicked one of the employees in the head, and left. The employees freed themselves and attempted to telephone for assistance, but the line was dead.

Waters and Mooney confronted a painter as he was getting supplies from the storeroom. Mooney pointed a gun at his head and asked, "Where is the money?" When the painter explained who he was, Waters and Mooney took him to an office and forced him to lie face down on the floor. A few minutes later, two fellow painters were brought into the office and, at gunpoint, ordered to lie on the ground. The three painters were then told to stay where they were and not to open the door or they would be killed. Waters and Mooney left the office. A few minutes later, one of the painters heard a gun fire. Daniel Hernandez, an usher at the theater, staggered into the office. He had been shot in the face.

Waters and Mooney were charged with murder (§ 187, subd. (a); count 1), robbery (§ 211; count 2), and three counts of assault with a firearm (§ 245, subd. (a)(2); counts 3, 4, & 5). The information against them also alleged, as to counts 1 and 2, that a principal was armed with a firearm (§ 12022, subd. (a)(1)), and as to all the counts, that Waters and Mooney personally used a firearm (§ 12022.5).

A jury convicted Waters of all counts and found true the enhancements except for the allegation that he personally used a firearm in the commission of the murder. The trial court sentenced Waters to a determinate term of 15 years and four months plus 25 years to life.

On January 16, 2019, Waters filed a petition for resentencing pursuant to section 1170.95. The trial court appointed counsel to represent Waters. The prosecutor filed an opposition to the petition. The prosecutor acknowledged that the jury was unable to determine whether Waters or Mooney actually killed Hernandez. However, the prosecutor argued that Waters was ineligible for resentencing relief because he was a major participant who acted with reckless indifference to human life.

The trial court summarily denied the petition. The trial court found that "the facts of the matter as outlined in various documents submitted to me . . . . [¶] . . . show, I think, clearly that [Waters] was a major participant, and he acted with reckless indifference to human life." The court found that Waters and Mooney prepared for their crimes, "[a]rmed themselves with weapons, walkie talkies, masks, went to the [theater] sometime after midnight, robbed [an employee], robbed [a painter], [and] shot the victim Hernandez in the face." The trial court found the evidence contradicted counsel's argument that Waters was at the movie theater, "but not in the vicinity of the actual killing."

The trial court denied Waters's motion to vacate his murder conviction and for resentencing, concluding that he failed to make a prima facie showing that he was entitled to relief and thus there was no need to continue with an evidentiary hearing under section 1170.95. Waters appealed.

## DISCUSSION

Waters argues we should reverse the trial court's order and remand the case for the trial court to issue an order to show cause and hold an evidentiary hearing to properly litigate his eligibility for resentencing pursuant to section 1170.95. The

4

People concede the issue, and we agree the matter should be reversed and remanded.

Under Senate Bill No. 1437, malice may no longer be imputed to a person based solely on the person's participation in the crime; now, the person must have acted with malice aforethought to be convicted of murder. (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.) To that end, the natural and probable consequences doctrine no longer applies to murder. Also, a participant in enumerated crimes is liable under the felony-murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Senate Bill No. 1437 also created a petitioning process by which defendants convicted of murder under a now invalid theory can be resentenced. Newly added section 1170.95, subdivision (a) provides that individuals who meet three conditions are eligible for relief: (1) the person must have been charged with murder under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) convicted of first or second degree murder, and (3) could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 973.)

Section 1170.95 provides for multiple reviews of a petition by the trial court. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897–898, review granted Aug. 12, 2020, S263219; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 974; *People v. Cornelius*

5

(2020) 44 Cal.App.5th 54, 57–58, review granted Mar. 18, 2020, S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328 (*Verdugo*), review granted Mar. 18, 2020, S260493; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684.)  Subdivision (b) of section 1170.95 describes an initial review to determine the facial sufficiency of the petition. (*Verdugo*, at p. 328.)  Subdivision (c) of section 1170.95 then describes the next two levels of review.  It provides, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (*Ibid*.)

The first sentence in subdivision (c) refers to a prebriefing, initial prima facie review to preliminarily determine a petitioner's statutory eligibility for relief as a matter of law. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329.)  In this step of review, the trial court determines, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief. (*Id*. at pp. 329–330.)  The court may review the complaint, the information or indictment, the verdict form or the documentation for a negotiated plea, and the abstract of judgment.  (*Ibid*.)  If these documents reveal ineligibility for relief, the trial court can dismiss the petition.  (*Id*. at p. 330.)

6

If the record of conviction does not establish as a matter of law the petitioner's ineligibility for resentencing, evaluation of the petition proceeds to the second prima facie review, in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.) The trial court must accept as true the petitioner's factual allegations and make a preliminary assessment regarding whether the petitioner would be entitled to relief if the factual allegations were proved. (*Id*. at p. 328.)

Here, Waters's petition alleged that an information was filed against him that permitted the prosecution to proceed under either the felony murder rule or the natural and probable consequences doctrine, that he was convicted of either first or second degree murder under one of those theories, and that he could no longer be so convicted under the changes to sections 188 and 189. The record shows that Waters was charged with murder and could have been convicted under the felony murder rule or natural and probable consequences doctrine. The jury was instructed on both theories and the prosecution argued both theories to the jury. Therefore, Waters made a prima facie showing that he is entitled to relief and an order to show cause should have issued.

The trial court's decisionmaking authority at the prima facie stages was "limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion

7

(such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton*, *supra*, 47 Cal.App.5th at p. 980.) This test of ineligibility as a matter of law applies in both prima facie steps, even though the steps differ "in the nature and extent of materials properly presented to the court," i.e., one occurring before and one after briefing by the parties. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329.) The trial court could not make a major participant or reckless indifference finding without issuing an order to show cause and holding an evidentiary hearing.

The jury was not specifically required to consider the question of whether Waters was a major participant and acted with reckless disregard to human life because Waters was not charged with special circumstance felony murder under section 190.2. It was also not required to find Waters was the actual killer or acted with actual malice. Before Senate Bill No. 1437, section 189 permitted a conviction for felony murder by imputing malice to those who commit a felony inherently dangerous to human life, such as robbery, which results in homicide. (*People v. Chun* (2009) 45 Cal.4th 1172, 1184.) As a result, the trial court's observations about the evidence in the record in support of its major participant or reckless indifference findings are insufficient to show that Waters is ineligible for section 1170.95 relief as a matter of law. (See *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329–330.)

## DISPOSITION

The order is reversed.  The case is remanded for the trial court to issue an order to show cause and proceed in accordance with section 1170.95, subdivision (d).

NOT TO BE PUBLISHED.


DHANIDINA, J.


I concur:


EDMON, P. J.


9

LAVIN, J., Concurring:

I join the majority in reversing the trial court's order. I write separately because I disagree that a trial court may summarily deny a statutorily-compliant resentencing petition under Penal Code section 1170.95 based on its independent review of the record of conviction. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 917, review granted Aug. 12, 2020, S263219 (dis. opn. of Lavin, J.); see also *People v. Cooper* (2020) 54 Cal.App.5th 106, 118, review granted Nov. 10, 2020, S264684.)

LAVIN, J.